IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

BROOKVILLE EQUIPMENT
CORPORATION,

        Plaintiff,

v.

A.L. LEE CORPORATION,

        Defendant.

13cv0059

**ELECTRONICALLY FILED**

### MEMORANDUM ORDER RE: MOTION TO DISMISS (DOC. NO. 8)

**I. Introduction**

Currently pending before the Court is Defendant A.L. Lee Corporation's ("Lee's") Motion to Dismiss Plaintiff Brookville Equipment Corporation's ("Brookville's") request for a finding of willful infringement. Doc. No. 8. Brookville's Complaint (Doc. No. 1) alleges that Lee has infringed U.S. Patent No. 5,743,190 ("the '190 patent"). Brookville also alleges that Lee's infringement was willful. Doc. No. 1, 4. After careful consideration of the Motion to Dismiss and brief in support thereof (Doc. Nos. 8 & 9), Response in opposition (Doc. No. 15), and Reply brief (Doc. No. 16), and for the reasons set forth below, Lee's Motion to Dismiss (Doc. No. 8) will be **DENIED**.

**II. Standard of Review**

"Because it raises a purely procedural issue . . . a motion to dismiss for failure to state a claim upon which relief can be granted is reviewed under the applicable law of the regional circuit." *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012) (citing *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1355–56 (Fed. Cir. 2007)).

In considering a Rule 12(b)(6) motion, Federal Courts require notice pleading, as opposed to the heightened standard of fact pleading. Fed. R. Civ. P. 8(a)(2) requires only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds on which it rests.'" *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Building upon the landmark United States Supreme Court decisions in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the United States Court of Appeals for the Third Circuit explained that a District Court must undertake the following three steps to determine the sufficiency of a complaint:

> First, the court must "tak[e] note of the elements a plaintiff must plead to state a claim." Second, the court should identify allegations that, "because they are no more than conclusions, are not entitled to the assumption of truth." Third, "whe[n] there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief." This means that our inquiry is normally broken into three parts: (1) identifying the elements of the claim, (2) reviewing the Complaint to strike conclusory allegations, and then (3) looking at the well-pleaded components of the Complaint and evaluating whether all of the elements identified in part one of the inquiry are sufficiently alleged.

*Malleus v. George*, 641 F.3d 560, 563 (3d Cir. 2011) (quoting *Iqbal*, 556 U.S. at 675, 679).

The third step of the sequential evaluation requires this Court to consider the specific nature of the claims presented and to determine whether the facts pled to substantiate the claims are sufficient to show a "plausible claim for relief." *Fowler*, 578 F.3d at 210. "While legal conclusions can provide the framework of a Complaint, they must be supported by factual allegations." *Id.* at 210-11; *see also Malleus,* 641 F.3d at 560.

This Court may not dismiss a Complaint merely because it appears unlikely or improbable that Plaintiff can prove the facts alleged or will ultimately prevail on the merits. *Twombly*, 550 U.S. at 563 n.8.  Instead, this Court must ask whether the facts alleged raise a reasonable expectation that discovery will reveal evidence of the necessary elements.  *Id.* at 556.  Generally speaking, a Complaint that provides adequate facts to establish "how, when, and where" will survive a Motion to Dismiss.  *Fowler*, 578 F.3d at 212; *see also Guirguis v. Movers Specialty Servs., Inc.*, 346 F. App'x. 774, 776 (3d Cir. 2009).

In short, a Motion to Dismiss should not be granted if a party alleges facts, which could, if established at trial, entitle him/her to relief.  *Twombly*, 550 U.S. at 563 n.8.

**III. Discussion**

The United States Court of Appeals for the Federal Circuit has stated that:

> [T]o establish willful infringement, a patentee must show by clear and convincing evidence that the infringer acted despite an objectively high likelihood that its actions constituted infringement of a valid patent. . . . [T]he patentee must also demonstrate that this objectively-defined risk . . . was either known or so obvious that it should have been known to the accused infringer.

*Bard Peripheral Vascular, Inc. v. W.L. Gore & Assocs., Inc.*, 682 F.3d 1003, 1005 (Fed. Cir. 2012) (internal quotation marks and citations omitted) (second ellipsis in original). "Willfulness does not equate to fraud, and thus, the pleading requirement for willful infringement does not rise to the stringent standard required by Rule 9(b)." *Ferguson Beauregard/Logic Controls, Div. of Dover Res., Inc. v. Mega Sys., LLC*, 350 F.3d 1327, 1343 (Fed. Cir. 2003).

District Courts are split as to the requirements necessary to plead willful infringement. For example, the United States District Court for the Eastern District of Texas has held that a Complaint need not detail how the willful infringement occurred.  *Fotomedia Tech., LLC v.*

*AOL, LLC*, 2008 WL 4135906 (E.D. Tex. Aug. 29, 2008) *adopted by* 2008 WL 4372348 (E.D. Tex. Sept. 24, 2008).  Conversely, the United States District Court for the District of Delaware has held that "[a]t the pleading stage, a plaintiff alleging a cause of action for willful infringement must plead facts giving rise to at least a showing of objective recklessness of the infringement risk." *Execware, LLC v. Staples, Inc.*, 2012 WL 6138340, \*6 (D. Del. Dec. 10, 2012) (internal quotation marks and citations omitted) *adopted by* 2013 WL 171906 (D. Del. Jan. 16, 2013).  This Court need not resolve whether a mere conclusory allegation that infringement is willful satisfies the post-*Twombly* pleading standard because the information contained within Brookville's Complaint satisfies the more exacting standard set forth in *Execware*.  *See United States v. Reynolds*, --- F.3d ---, 2013 WL 979058, \*1 (3d Cir. Mar. 14, 2013) (declining to adopt a standard of review when the most deferential standard could not be satisfied).

    In its Complaint, Brookville alleges that:

> 9. On or about November 2, 2011, counsel for Brookville directly notified A. L. Lee by letter, which was received November 4, 2011, of its belief that A. L. Lee's rerailer device infringes the '190 Patent. Counsel for A. L. Lee subsequently responded with a letter expressing A. L. Lee's belief that A. L. Lee's rerailer device does not infringe any valid claim of the '190 Patent. Counsel for Brookville and A. L. Lee exchanged two additional letters concerning infringement of the '190 Patent by A. L. Lee's rerailer device.
>
> 10. Upon information and belief, and notwithstanding Brookville's notification of infringement, A. L. Lee continues to manufacture, sell and offer for sale its infringing rerailer device, at least in connection with at least its "15 Ton Battery Locomotive" and "Rail Runner (Battery)" products.

Doc. No. 1, ¶¶ 9-10.

    Lee attached to its Response the letters referenced in paragraph 9 of the Complaint.  Doc. No. 9-1.  Generally, the Court cannot consider documents outside the Complaint without converting the motion to dismiss to one for summary judgment.  Fed. R. Civ. P. 12(d).  However, "an exception to the general rule is that a document integral to or explicitly relied upon in the

complaint may be considered without converting the motion [to dismiss] into one for summary judgment." *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (citation and internal quotation marks omitted). As the letters are explicitly relied upon in the Complaint, the Court may consider them without converting the Motion to Dismiss into one for summary judgment.

The Court finds *Execware* instructive. In that case, the United States District Court for the District of Delaware held that in order to state a claim for willful infringement, the complaint must allege "factual circumstances in which the patents-in-suit are called to the attention of the defendant[]." *Execware*, 2012 WL 6138340 at *6 (internal quotation marks, citation, and alteration omitted). The Court then went on to state that "[t]he complaint must [next] demonstrate a link between the various allegations of knowledge of the patents-in-suit and the allegations that the risks of infringement were either known or were so obvious that they should have been known." *Id.* (internal quotation marks, citation, and alteration omitted).

In this case, the letters unequivocally show that Lee was put on notice by Brookville of the existence of the '190 patent. Doc. No. 9-1, 2. The second letter from Brookville's attorney to Lee's attorney describes why Brookville believed that Lee was infringing the '190 patent. This is sufficient to demonstrate that the risks of infringement were high. Lee cannot, at this stage, rely upon the letters of its own counsel, which explain the reasoning for its belief that no valid claim of the '190 patent is infringed.

As Judge McVerry noted, "[w]illfulness is a fact-intensive issue that is difficult to resolve at the pleading stage." *Best Med. Int'l, Inc. v. Accuray, Inc.*, 2011 WL 860423, *9 (W.D. Pa. Mar. 9, 2011) (citing *Milwaukee Elec. Tool Corp. v. Hitachi Koki, Ltd.*, 2011 WL 665439 (E.D. Wis. Feb. 14, 2011); *Ateliers de la Haute–Garonne v. Broe tje Automation–USA Inc.*, 684

F.Supp.2d 541, 544–45 (D. Del. 2010)); *see St. Clair Intellectual Prop. Consultants, Inc. v. Hewlett–Packard Co.,* 2012 WL 1134318, *2–3 (D .Del. Mar. 28, 2012); *S.O.I.TEC Silicon on Insulator Techs. S.A. v. MEMC Elec. Materials, Inc.*, 2009 WL 423989, ¶ 8 (D. Del. Feb. 20, 2009); *see also Univ. of Pittsburgh v. Varian Med. Sys., Inc.*, 2011 U.S. Dist. LEXIS 149685, *67-68 (W.D. Pa. Dec. 30, 2011) (Schwab, J.).  Accordingly, the Court finds that Brookville has pled sufficient facts with respect to willfulness to survive a motion to dismiss.

**IV. Order**

AND NOW, this 22nd day of March, 2013, for the reasons set forth above, Lee's Motion to Dismiss (Doc. No. 8) is **DENIED**.

> s/ Arthur J. Schwab
> Arthur J. Schwab
> United States District Judge

cc: All ECF counsel of Record